**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASCENCION MARTINEZ-SALAS and JAEL ELIZABETH MARTINEZ-GARCIA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72265 <br><br> Agency Nos. A071-601-635 <br> A075-479-448 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Ascencion Martinez-Salas and Jael Elizabeth Martinez-Garcia, natives and

citizens of Mexico, petition for review of an order of the Board of Immigration

Appeals ("BIA") dismissing their appeal from an immigration judge's decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pretermitting Martinez-Salas's application for suspension of deportation. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the BIA's continuous-physical-presence determination. *See Vera-Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's decision to pretermit Martinez-Salas's application for suspension of deportation under former section 244(a)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254(a)(2) (repealed 1996), because his receipt of an order to show cause terminated his accrual of the requisite ten years of continuous physical presence in the United States during the period immediately following his last deportable offense of overstaying his visa. *See Leon-Hernandez v. INS*, 926 F.2d 902, 905 (9th Cir. 1991) (requiring applicants for suspension to show that they have "been physically present in the United States *for a continuous period of not less than ten years immediately following the commission of an act . . . constituting a ground for deportation*" (citation omitted) (emphasis in original)); *Arrozal v. INS*, 159 F.3d 429, 434 (9th Cir. 1998) ("'[A]ny period of . . . continuous physical presence in the United States shall be deemed to end when the alien is served . . .' an order to show cause . . . ." (citation omitted)).

We lack jurisdiction to review petitioners' unexhausted contention that Martinez-Salas is eligible for suspension of deportation under former section 244(a)(1) of the INA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**